IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


WANDA S. HENDERSON                                              PLAINTIFF


                  v.                    Civil No. 07-3011


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                  DEFENDANT

## MEMORANDUM OPINION

        Plaintiff, Wanda Henderson, brings this action under 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of Social Security Administration ("Commissioner")

denying her claim for period of disability and disability insurance benefits ("DIB") pursuant to

Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423.  In this

judicial review, the court must determine whether there is substantial evidence in the

administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## Procedural Background

        The plaintiff filed her application for DIB on May 1, 2003, alleging an onset date of

January 1, 1993, due to fatigue, migraine headaches, hypertension, diabetes, panic attacks, and

pain in her foot leg, and hips.  (Tr. 24-26).  An administrative hearing was held on October 22,

2004.  (Tr. 349-377).  Plaintiff was present and represented by counsel.

        At the time of the administrative hearing, plaintiff was 53 years old and possessed a high

school education with 2 years of college credit and certification as a cosmetologist.  (Tr. 12).

The record reveals that she had past relevant work experience ("PRW") in the areas of food

prep/cook and audio/visual work study.  (Tr. 12).

On January 13, 2005, the Administrative Law Judge ("ALJ") determined that plaintiff's date last insured was December 31, 1994.  (Tr. 12).  After reviewing the medical evidence of record, he concluded that on or before December 31, 1994, plaintiff's impairments were non-severe

The plaintiff appealed this decision to the Appeals Council, but her request for review was denied on February 23, 2007.  (Tr. 3-5).  Subsequently, plaintiff filed this action.  (Doc. # 1).  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  (Doc. # 4, 5).

**<u>Applicable Law</u>**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion**

At the onset, we note that plaintiff had filed a previous application for DIB in September 2001, alleging disability since January 1, 1993, the same onset date alleged in the current

3

application. (Tr. 11). On September 25, 2002, the ALJ concluded that plaintiff's impairments were non-severe. (Tr. 17-23). On appeal to this Court, the ALJ's decision was affirmed. The Commissioner contends that our previous decision serves as res judicata in the current case. However, we note that the ALJ, in the present case, considered the evidence submitted under the previous application, along with some additional medical evidence. As the ALJ appears to have de facto reopened the previous application, we will review the entire record to determine whether substantial evidence supports his finding of a non-severe impairment.

Step two of the evaluation states that a claimant is not disabled if his impairments are not "severe." *Simmons v. Massaari,* 264 F.3d 751, 754 (8th Cir. 2001); 20 C.F.R. § 416.920(a)(4). An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007). It is the claimant's burden to establish that his impairment or combination of impairments are severe. *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000). Severity is not an onerous requirement for the claimant to meet, *see Hudson v. Bowen,* 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard, and the United States Court of Appeals for the Eighth Circuit has upheld, on numerous occasions, the Commissioner's finding that a claimant failed to make this showing. *See, e.g., Page*, 484 F.3d at 1043-44; *Dixon v. Barnhart,* 353 F.3d 602, 605 (8th

4

Cir.2003); *Simmons,* 264 F.3d at 755; *Gwathney v. Chater,* 104 F.3d 1043, 1045 (8th Cir. 1997);

*Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir. 1996).

In the present case, the evidence reveals as follows.  Records prior to January 1, 1993,

plaintiff's alleged onset date, reveal that plaintiff had a history of left shoulder tendonitis, gall

stones, plantar warts, vertigo, ear infections, and nabothian cysts on her cervix.  (Tr. 109-110,

275-277, 307-342).  In October 1991, plaintiff underwent a laparoscopic cholecystectomy.

However, there is no evidence to indicate that plaintiff sought regular or consistent treatment for

any of these conditions.

On May 10, 1993, plaintiff was experiencing problems with her left ear.  (Tr. 275).

Records indicate that she was hearing a "roar" in that ear.  Plaintiff was diagnosed with cerum

impaction and an ear infection.  (Tr. 275).

On July 20, 1993, plaintiff was diagnosed with a small incisional hernia in her abdomen.

(Tr. 275).  It was a little sore, but not significantly painful.  Plaintiff was given the option of

either conferring with a surgeon or just watching the hernia for a while.  (Tr. 275).

On July 28, 1993, plaintiff conferred with Dr. Thomas Hoberock, a surgeon, concerning

her incisional hernia.  (Tr. 112).  He noted that she had a history of exogenous obesity.  (Tr. 112).

On December 30, 1993, plaintiff was treated for sinusitis.  (Tr. 274, 307).  An

examination revealed that her heart rate was normal, and her lungs were clear.  (Tr. 274).

On September 20, 2004, Dr. Charles Klepper completed an RFC assessment.  (Tr. 344-

348).  He indicated that he saw plaintiff for an office visit every 2 years.  Dr. Klepper diagnosed

her with depression, hypertension, migraine headaches, and diabetes, and assessed her with a fair

prognosis.  He noted that her symptoms included weakness all over, swelling in her hands and

5

feet, and pain in her legs and back.  Dr. Klepper also stated that plaintiff's depression would impact her physical impairments, and that she would frequently experience symptoms severe enough to interfere with her attention and concentration.  Dr. Klepper indicated that plaintiff could walk 1 block; sit for 20 minutes at a time; stand for 10 minutes at a time; sit, stand, and walk for a total of 2 hours during an 8-hour workday; rarely lift less than 10 pounds; never lift more than 10 pounds; and, rarely twist, stoop, crouch, and climb.  He also noted limitations with regard to plaintiff's ability to grasp, turn and twist objects, perform fine manipulation, and reach. Dr. Klepper stated that plaintiff would require frequent, unscheduled breaks and a job that permitted shifting positions at will.  He was of the opinion that she was incapable of even a low stress job, and would miss 4 or more days of work per month.

Although the document states that it refers to plaintiff's condition prior to December 31, 1994, this notation is not written in Dr. Klepper's handwriting.  In fact, a review of the evidence suggests that the assessment was completed based on plaintiff's current condition, rather than her condition as of December 31, 1994, as her current impairments are severe.  However, even if the assessment is accepted as relating to plaintiff's condition prior to December 31, 1994, it is contradicted by the remainder of the medical evidence.  As such, we cannot say that the ALJ erred by giving Dr. Klepper's opinion little or no weight.  *See Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (noting that if a doctor's opinion is "inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight").

Had plaintiff's condition been severe during the relevant time period, it is reasonable to conclude that she would have sought consistent treatment for these conditions.  *See id.* at 967 (holding that ALJ may discount disability claimant's subjective complaints of pain based on the

claimant's failure to pursue regular medical treatment).  As the record stands, there is simply no evidence to show that plaintiff sought consistent treatment for any of her alleged impairments during the relevant time period.  Accordingly, we find substantial evidence to support the ALJ's determination that plaintiff's condition was non-severe on or before her date last insured.

**Conclusion**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

DATED this 22nd day of April 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

7